

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GUSTAVO BAHENA, an individual,

Plaintiff,

v.

CITY OF LA HABRA, ANTHONY LUSTER, U.S. DEPARTMENT OF HOMELAND SECURITY, HOMELAND SECURITY INVESTIGATIONS, COUNTY OF ORANGE, and DOES 1-20, inclusive,

Defendants.

Case No. 8:25-cv-00471-JWH-DFMx

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 12]**

Before the Court is the motion of Plaintiff Gustavo Bahena to remand this action to Orange County Superior Court.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** the Motion, for the reasons set forth herein.

## I. BACKGROUND

### A. Facts

In his Complaint, Bahena recounts the facts of this case as follows:

In January 2024, a United States Magistrate Judge signed a search warrant for Bahena's residence in Seal Beach, California.[3] The following month, officers from the City of La Habra, the Department of Homeland Security, and the Orange County Probation Department executed that search warrant.[4] When the officers arrived at Bahena's residence, they announced their presence twice in rapid succession before forcibly breaking down Bahena's door to gain entry.[5]

When the officers entered the residence, Bahena stood at a second-floor window to the right of the front door and shouted, "Stop! Stop! What are you

---

1 *See* Pl.'s Mot. to Remand (the "Motion") [ECF No. 12].

2 The Court considered the documents of record in this action, including the following papers: (1) Notice of Removal [ECF No. 1]; (2) Complaint [ECF No. 1-1]; (3) Motion; (4) Pl.'s Supp'l to the Motion (the "Supplement") [ECF No. 14]; (5) Def. County of Orange's Opp'n to the Motion (the "County Opposition") [ECF No. 21]; (6) Def. City of La Habra's Opp'n to the Motion (the "City Opposition") [ECF No. 22]; and (7) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 23].

3 *See* Complaint ¶ 18.

4 *See id.* at ¶ 19.

5 *See id.* at ¶¶ 20 & 21.

doing?!"[6] The officers yelled at Bahena to put his hands up.[7] Before Bahena complied, Defendant Anthony Luster yelled that Bahena had a firearm, then Luster fired his own weapon twice at Bahena.[8]

Several officers then approached Bahena, who was bleeding profusely, and ordered him to put his hands on his head.[9] When Bahena raised his arms to comply, he cried out in pain.[10] Bahena was placed in handcuffs and led outside, then instructed to sit a few houses down from his own.[11] An officer asked Bahena where he was shot, and Bahena told her that he had been shot in his left arm, which was gushing with blood.[12] Approximately 20 minutes later, an ambulance arrived and transported Bahena to the hospital.[13]

**B. Procedural History**

In December 2024, Bahena commenced this action in Orange County Superior Court against Defendants City of La Habra, Anthony Luster, United States Department of Homeland Security and Homeland Security Investigations (jointly, "DHS"), and Orange County.[14] Through his Complaint, Bahena asserts eight claims for relief:

- unreasonable search and seizure—detention and arrest, in violation of 42 U.S.C. § 1983;

---

6 *Id.* at ¶ 23.

7 *Id.* at ¶ 24.

8 *See id.* at ¶ 25.

9 *See id.* at ¶¶ 28 & 29.

10 *Id.* at ¶ 29.

11 *Id.* at ¶ 30.

12 *Id.*

13 *See id.* at ¶ 32.

14 *See generally id.*

- unreasonable search and seizure—excessive force, in violation of 42 U.S.C. § 1983;
- unreasonable search and seizure—denial of medical care, in violation of 42 U.S.C. § 1983;
- unreasonable search and seizure—search exceeding scope of warrant, in violation of 42 U.S.C. § 1983;
- municipal liability—failure to train, in violation of 42 U.S.C. § 1983;
- battery;
- negligence; and
- negligent infliction of emotional distress.[15]

In March 2025, DHS removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil lawsuits against the United States or any agency thereof.[16] That same month, DHS moved to dismiss all of the claims against it,[17] and Bahena voluntarily dismissed DHS.[18] Bahena then filed the instant Motion.[19]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court

---

15 *See generally id.*

16 *See* Notice of Removal.

17 *See* Defs.' Mot. to Dismiss [ECF No. 7].

18 *See* Notice of Dismissal [ECF No. 9].

19 *See* Motion.

must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). When the litigants are entities, diversity jurisdiction depends on the form of the entity. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (finding that an unincorporated association such as a partnership has "the citizenships of all of its members").

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. ANALYSIS

Bahena concedes that this Court has jurisdiction over this matter, but he argues that the Court should nevertheless remand this action to Orange County Superior Court for two reasons.[20] First, this action was removed by DHS, and DHS has since been dismissed from the lawsuit.[21] Second, there is a criminal action pending against Luster, so Bahena contends that remand as permissible under abstention doctrines.[22]

Neither of those reasons supports remand. It is undisputed that DHS properly removed this action, and there is no question that the Court has jurisdiction over the action because Bahena asserts claims under federal law. A federal court normally has a "virtually unflagging obligation" to exercise the jurisdiction vested in it by Congress. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). And Bahena provides no support for his argument that an action over which the Court has jurisdiction, once properly removed, should be remanded because the removing defendant has been dismissed. To the contrary, other courts have held that the dismissal of a federal government agency does ***not*** necessitate remand. *See, e.g.*, *Morris v. Bd. of Trustees of Cal. State Univ.*, 2024 WL 1421281, at *2 (N.D. Cal. Apr. 2, 2024).

Similarly, although Bahena asserts that "[c]ourts have consistently recognized that remand may be warranted for reasons external to the removal process, such as [*Younger* and *Burford*] abstention,"[23] he provides no example of any court that has remanded based upon the application of an abstention doctrine. And even if abstention could serve as a basis for remanding an action,

---

[20] *See generally* Motion; Reply.

[21] *See* Motion 4:18-5:14.

[22] *See* Reply 3:12-5:23.

[23] *Id.* at 6:8-9.

Bahena has not offered any basis on which the Court could abstain from deciding this matter. Specifically, Bahena argues that abstention is permitted under two different doctrines, but neither doctrine is inapplicable to this action.

First, Bahena argues that abstention is permitted under *Younger v. Harris*, 401 U.S. 37 (1971), because there is a pending state court criminal action against Luster. But *Younger* abstention is only appropriate when (1) there is "an ongoing state judicial proceeding"; (2) those "proceedings implicate important state interests"; and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Proceeding to litigate this action would not in any way "enjoin, or have the practical effect of enjoining," the state court case against Luster. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007); *see also Moreno v. Cnty. of Los Angeles*, 2023 WL 8165517, at *6 n.3 (C.D. Cal. Apr. 20, 2023) (noting that *Younger* abstention did not apply to a parallel state-court criminal proceeding). Thus, *Younger* abstention is inappropriate.

Second, Bahena argues that abstention is appropriate under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). But under *Burford*, a district court must dismiss an action when such dismissal is necessary "to avoid federal intrusion into matters which are largely of local concern and which are within the special competence of local courts." *Tucker v. First Md. Sav. & Loan, Inc.*¸942 F.2d 1401, 1405 (9th Cir. 1991). That necessity arises only when "(1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004). The circumstances of this case do not suggest that the pending

state court criminal proceeding against Luster implicates the kind of "complex state administrative process[]" with which the Court must avoid interfering. *See id.* And even if those interests were implicated, the Court is confident that the issues in this litigation are easily separable from those of the criminal proceeding.

Accordingly, Bahena's Motion is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Bahena's instant Motion [ECF No. 12] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE